UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     -vs-                        ) Case No.
                                 ) 2:07-cr-20327-JAC-MKM-2
ANTONIO IVEZAJ, D-2,             )
                                 )
          Defendant.             )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )


          Proceedings had in the above-entitled

matter, before the HONORABLE JULIAN ABELE COOK, United

States District Judge, at 211 Lafayette, Theodore Levin

Courthouse, Detroit, Michigan, on Tuesday,

September 16, 2008.


APPEARANCES:

          BRUCE C. JUDGE, ESQ.
          United States Attorney's Office
          211 W. Fort Street  Suite 2001
          Detroit, Michigan  48226


             Appearing on behalf of United States of
             America,


          LAW OFFICES OF MICHAEL J. KEMNITZ, PC
          645 Griswold Street  Suite 1717
          Detroit, Michigan  48226
            (By Michael J. Kemnitz, Esq.)


             Appearing on behalf of Defendant.


          THE NEW CENTURY GROUP  (313) 963-5410

```
         W I T N E S S    I N D E X
         – – – – – – –    – – – –


Witness                  Examined_by              Page
_____                 _____ __              ____
                         (None)
```

```
         E X H I B I T    I N D E X
         – – – – – – –    – – – –


Exhibit_No.              Description               Page
_____ ___             _____               ____
                         (None marked)
```

THE NEW CENTURY GROUP   (313) 963-5410

```
 1                          Detroit, Michigan
 2                          Tuesday, September 16, 2008
 3                          11:10 a.m.
 4                   _   _   _
 5            THE CLERK:  Court calls Case No.
 6    07-cr-20327-2, United States of America versus
 7    Antonio Ivezaj.
 8            MR. JUDGE:  Good morning, your Honor,
 9    for the record, Bruce Judge appearing on behalf of
10    the United States.
11            MR. KEMNITZ:  Good morning, your Honor,
12    Michael Kemnitz appearing on behalf of Mr. Ivezaj.
13            THE COURT:  Thank you.  Would you bring
14    your client to the podium.
15            MR. KEMNITZ:  Sure.
16            THE COURT:  Would you swear the
17    witness, please?
18            THE CLERK:  Mr. Ivezaj, please raise
19     your right hand.
20                Do you solemnly swear that the
21    testimony you will give will be the truth, the
22    whole truth and nothing but the truth?
23            THE DEFENDANT: Yes, I do.
24            THE COURT:  What is your name, sir?
```

25                        THE DEFENDANT:  Antonio Ivezaj.


THE NEW CENTURY GROUP   (313) 963-5410


                                                    3



 1                        THE COURT:  Are you the Defendant in

 2          this case?

 3                        THE DEFENDANT:  Yes, sir.

 4                        THE COURT:  I have been presented with

 5          two documents by Mr. Judge, the counsel for the

 6          Government.  He has labeled his Proposed Exhibit

 7          No. 1 as a Rule 11 Plea Agreement.

 8                        The second document which has been

 9          identified by Mr. Judge, is his Proposed Exhibit 2

10          is entitled Guilty Plea Questionaire.

11                        On page ten of the Government's

12          Proposed Exhibit 1, and on page seven of the

13          Government's Proposed Exhibit No. 2, there appears

14          to the court to be your signature.

15                        I ask you to look at these two

16          documents on the original form, and tell me if your

17          signature appears on each one?

18                        THE DEFENDANT:  Yes, they do, your

19          Honor.

20                        THE COURT:  I want you to look at the

21          original documents.

```
22                THE DEFENDANT:  I'm sorry.

23                THE COURT:  I want you to look at the

24     original documents.

25                THE DEFENDANT:  Okay.  Yes, they do,
```

THE NEW CENTURY GROUP   (313) 963-5410

4

```
1      your Honor.

2                 THE COURT:  Does your signature appear

3      on the Proposed Exhibits 1 and 2?

4                 THE DEFENDANT:  Correct, your Honor.

5                 THE COURT:  Did you read each document

6      before you signed your name to them?

7                 THE DEFENDANT:  Yes, I did, your Honor.

8                 THE COURT:  Did you sign these

9      documents freely and voluntarily?

10                THE DEFENDANT:  Yes, I did, your Honor.

11                THE COURT:  Did anyone force you to

12     sign your name to either of these documents?

13                THE DEFENDANT:  No, your Honor.

14                THE COURT:  For the purpose of this

15     hearing, I will receive into evidence the

16     Government's Proposed Exhibits 1 and 2.

17                Mr. Ivezaj, I will now submit to you a

18     series of questions, most of which will be based on

19     a pattern after the questions that are found in
```

```
20          Government's Exhibit 2.
21                    I ask you to listen carefully to my
22          questions and give me an answer only if you fully
23          understand every word and phrase that is used.
24                    If somehow you do not hear my
25          questions, or if you do not understand a word or
```

THE NEW CENTURY GROUP   (313) 963-5410

5

```
1           phrase, please tell me.
2                     If you have any questions which in your
3           opinion require some legal advice, I recommend that
4           you speak with your counsel, Mr. Kemnitz, who is on
5           your immediate right, do you understand that, sir?
6                     THE DEFENDANT:  Yes, I do, your Honor.
7                     THE COURT:  Are you here today for the
8           purpose of offering a plea of guilt to committing
9           conspiracy to commit bribery?
10                    THE DEFENDANT:  Yes.
11                    THE COURT:  Do you know that any
12          statement made by you today during this proceeding,
13          may be used against you in perjury or false
14          statement prosecutions by the Government?
15                    THE DEFENDANT:  Yes.
16                    THE COURT:  How old are you at the
```

17          present time?

18                    THE DEFENDANT:  38 years old.

19                    THE COURT:  Can you read, write and

20          understand the English language?

21                    THE DEFENDANT:  Yes.

22                    THE COURT:  How far did you go in

23          school?

24                    THE DEFENDANT:  Two years of college.

25                    THE COURT:  Do you know that you have a


                THE NEW CENTURY GROUP  (313) 963-5410



                                                          6



1          right to have an attorney represent your interest

2          during every legal proceeding before this court?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  You know that I will

5          appoint a lawyer to represent your interest in this

6          case, if you cannot afford to retain an attorney of

7          your own selection?

8                    THE DEFENDANT:  Yes, your Honor.

9                    THE COURT:  Do you know that you have a

10          right to plead not guilty?

11                    THE DEFENDANT:  Yes, your Honor.

12                    THE COURT:  Do you know that as a

13          Defendant, you are presumed to be innocent until

14          such time as your guilt is determined by a jury or

15          by me in a non-jury trial, or your waiver to a

16          trial is accepted by me?

17                    THE DEFENDANT:  Yes, your Honor.

18                    THE COURT:  Is it your desire to give

19          up your rights to a trial by jury?

20                    THE DEFENDANT:  Yes, your Honor.

21                    THE COURT:  Is it also your desire to

22          give up your rights to a trial without a jury?

23                    THE DEFENDANT: Yes, your Honor.

24                    THE COURT: You aware the Government

25          have to prove your guilt beyond a reasonable doubt

                    THE NEW CENTURY GROUP  (313) 963-5410

                                                           7

1           at trial?

2                     THE DEFENDANT:  Yes.

3                     THE COURT:  Do you understand that you

4           have a right to be confronted by all of the

5           witnesses who have been proposed by the Government

6           to testify against you?

7                     THE DEFENDANT:  Yes.

8                     THE COURT:  You know that your attorney

9           will be given an opportunity to cross-examine every

10          witness who have been called upon by the Government

11          to testify against you?

12                    THE DEFENDANT:  Yes.

13                    THE COURT:  Are you aware that you have

14        a right to call witnesses on your own behalf?

15                    THE DEFENDANT:  Yes.

16                    THE COURT:  You understand that you may

17        use the subpoena for the purpose of obtaining the

18        presence of witnesses to testify on your behalf

19        during a hearing or trial in this case?

20                    THE DEFENDANT:  Yes.

21                    THE COURT:  Do you know that you have a

22        right to remain silent, and not to incriminate

23        yourself at anytime during this case?

24                    THE DEFENDANT:  Yes.

25                    THE COURT:  Are you aware that you're


            THE NEW CENTURY GROUP  (313) 963-5410


                                                    8


1        not required to testify at anytime in this case,

2        unless it is your desire to do so?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  Do you know that the United

5        States attorney cannot comment upon your decision

6        not to take the witness stand in your own defense?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  You understand that you

9        have a right to have the jury instructed, that no

10          inference of guilt can be assumed by your election

11          not to take the witness stand?

12                    THE DEFENDANT:  Yes.

13                    THE COURT:  If you plead guilty, do you

14          know that there will be no trial and that you will

15          give up your right to a trial?

16                    THE DEFENDANT:  Yes.

17                    THE COURT:  If you're convicted at a

18          trial, are you aware of the right to appeal the

19          verdict and/or the sentence?

20                    THE DEFENDANT:  Yes.

21                    THE COURT:  If your plea of guilty is

22          accepted by me, or in the event that you are

23          convicted at the conclusion of trial, are you aware

24          of your right to receive the services of an

25          attorney who will assist you with your appeal?


            THE NEW CENTURY GROUP  (313) 963-5410


                                                            9


1                     THE DEFENDANT:  Yes.

2                     THE COURT:  Has your attorney informed

3           you of the nature and the elements of the criminal

4           charge to which you offer the plea of guilt?

5                     THE DEFENDANT:  Yes.

6                     THE COURT:  Do you fully understand the

```
 7          nature and the elements of this criminal offense?

 8                      THE DEFENDANT:  Yes.

 9                      THE COURT:  Has your attorney fully

10          answered all of your questions about this criminal

11          charge to your complete satisfaction?

12                      THE DEFENDANT:  Yes, sir.

13                      THE COURT:  Do you understand every

14          provision within the Proposed Rule 11 Plea

15          Agreement, which has been labeled in this record as

16          Government's Exhibit 1?

17                      THE DEFENDANT:  Yes.

18                      THE COURT:  Are you aware that this

19          Proposed Rule 11 Plea Agreement contains a

20          provision which indicates that you have given up

21          your right to appeal, as well as your right to

22          collaterally attack the sentence?

23                      THE DEFENDANT:  Yes, sir.

24                      THE COURT:  You understand this

25          Proposed Rule 11 Plea Agreement is only a
```

THE NEW CENTURY GROUP   (313) 963-5410

```
 1          recommendation to me?

 2                      THE DEFENDANT:  Yes, sir.

 3                      THE COURT:  You realize that I have the

 4          right to reject this Proposed Rule 11 Plea
```

```
 5         Agreement?

 6                    THE DEFENDANT:  Yes, I do, sir.

 7                    THE COURT:  Do you know that if your

 8         Proposed Rule 11 Plea Agreement is covered by

 9         Federal Rule of Criminal Procedure 11(c) 1(a), or

10         Federal Rule of Criminal Procedure 11(c) 1(c), it

11         will become binding upon you and the Government if

12         and when it is accepted by me?

13                    THE DEFENDANT:  Yes, sir.

14                    THE COURT:  You also understand that

15         your Proposed Rule 11 Plea Agreement is governed by

16         Federal Rules of Criminal Procedure 11(c) 1(b), you

17         do not the right to withdraw your guilty plea, even

18         if I rejected the recommendation by the Government?

19                    THE DEFENDANT:  Yes, sir.

20                    THE COURT:  Mr. Judge, I have presented

21         a series of questions to Mr. Ivezaj relating to the

22         Rule 11 Plea Agreement.

23                    Is there a provision within this

24         document, namely Government's Exhibit 1, which

25         speaks to any waiver of his right to appeal?
```

```
 1                    MR. JUDGE:  Yes, your Honor, that's set
```

2          forth in pages seven and eight of the Rule 11

3          Agreement between the parties.

4                    And sets forth the agreement that

5          should the Court impose a sentence at or below the

6          agreed to range, which is 27 to 33 months, that the

7          Defendant waives his right to appeal.

8                    THE COURT:  Mr. Judge, will you read

9          Paragraph 6 on page seven, which is entitled Right

10          To Appeal?

11                    MR. JUDGE:  Yes, your Honor, that

12          paragraph sets forth, "If the sentence imposed

13          falls within or below the guideline range

14          determined pursuant to Paragraph 2 of the above,

15          the Defendant waives any right to appeal of his

16          conviction or sentence.

17                    If the sentence imposed is above that

18          range, the Defendant retains his right to directly

19          appeal the Court's sentencing determination.

20                    The Government agrees not to appeal any

21          sentence within the guideline range, that is

22          recommended in Paragraph 2(b), but retains the

23          right to appeal any determination by the Court to

24          apply a lower guideline range."

25                    THE COURT:  Sir, did you hear Mr. Judge

THE NEW CENTURY GROUP  (313) 963-5410

12

1          recite a section within the Proposed Rule 11 Plea

2          Agreement, which speaks to your waiver right to

3          appeal?

4                    THE DEFENDANT:  Yes, I did, Judge.

5                    THE COURT:  Do you understand that?

6                    THE DEFENDANT:  Yes, sir.

7                    THE COURT:  Does it change your mind

8          about offering a plea of guilty?

9                    THE DEFENDANT:  No, sir.

10                   THE COURT:  Are you aware that I may

11         require you to provide full and complete

12         restitution of any victim of your alleged activity?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  If your guilty plea is

15         accepted by me, do you know that a special

16         assessment will be imposed upon you in addition to

17         any fines or costs?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  I should note that

20         Mr. Ivezaj, am I pronouncing your name correctly?

21                   THE DEFENDANT:  Close enough, your

22         Honor.

23                   THE COURT:  Close enough, alright.

24                   THE DEFENDANT:   Sure.

25                   THE COURT:  Note that he has correctly

1        labeled $100 as the correct special assessment.

2                Mr. Judge, if this matter went to

3        trial, what in your judgment, would the Government

4        be able to prove against him if this matter went to

5        trial?

6                MR. JUDGE:  Yes, your Honor, with

7        respect to Count II of the superseding indictment,

8        the Government would seek and prove at trial that

9        starting in or between June of 2003 and continuing

10       through October of 2003, that the Defendant,

11       Mr. Ivezaj, agreed and conspired with Roy Bailey

12       and with others, to commit the offense of bribery

13       of a public official.

14               Your Honor, the Government would prove

15       at trial and at that time, Mr. Bailey held the

16       position of acting field office director for the

17       Detroit, Michigan office of the Department of

18       Homeland Security, Immigration and Customs

19       Enforcement.

20               And evidence would further prove, your

21       Honor, that during that time period at and in the

22       location in Romulus, Michigan, that Mr. Ivezaj and

23       others acting at his direction, provided free

24       construction services and materials at a residence

25       that was owned by Mr. Bailey.

THE NEW CENTURY GROUP   (313) 963-5410

14

1          And will prove that, your Honor, the

2    value of the services and materials provided to

3    Mr. Bailey, were in excess of $3,000.

4          The Government will further show, your

5    Honor, that in return for the free construction

6    materials and services, that the agreement was that

7    Mr. Bailey would take steps to release from the

8    custody of Immigration and Customs Enforcement, a

9    relative of Mr. Ivezaj who was then in custody and

10   awaiting deportation from the United States.

11         The evidence will further show that on

12   or about August 25th of 2003, that individual who

13   was identified by the name John, which is spelled

14   J-g-o-n, last initial C, that that individual who

15   is a direct relative of the Defendant, Mr. Ivezaj,

16   was, in fact, released from Immigration and Customs

17   Enforcement custody.  And that would represent an

18   official act commited by Mr. Roy Bailey.

19              THE COURT:  And once again, the date or

20   the approximate dates of when this alleged offense

21   occurred?

22              MR. JUDGE:  Yes, your Honor, the

23          evidence will prove that these events occurred

24          between June of 2003 and October of 2003 at

25          Romulus, Michigan, Detroit, Michigan and other


            THE NEW CENTURY GROUP   (313) 963-5410


                                                        15



1           locations in the eastern district of Michigan.

2                      THE COURT:  Sir, did you hear

3           Mr. Judge's recitation in regarding his opinion

4           that the Government will be able to prove against

5           you if this matter went to trial?

6                      THE DEFENDANT:  Yes, sir.

7                      THE COURT:  Is there anything that he

8           said that you disagree?

9                      THE DEFENDANT:  No.

10                     THE COURT:  Do you accept all of his

11          statements as being correct?

12                     THE DEFENDANT:  Yes, sir.

13                     THE COURT:  Tell me in your own words

14          what you did?

15                     THE DEFENDANT:  I performed free

16          construction work for Mr. Roy Bailey, to ensure

17          there would be a release for my cousin from INS

18          detention.

19                     THE COURT:  Who is Roy Bailey?  I mean,

20          your contact with him give you any satisfaction of

```
21        what you're trying to do?  Do you understand my

22        question?

23                    THE DEFENDANT:  As who he was?

24                    THE COURT:  Well, I see the name

25        Roy Bailey, but I'm trying to determine between the
```

THE NEW CENTURY GROUP  (313) 963-5410

16

```
1         year 2000 and 2003, did you know Roy Bailey, did

2         you know him?

3                     THE DEFENDANT:  Yes, sir.

4                     THE COURT:  And did he have any

5         governmental position?

6                     THE DEFENDANT:  Yes, sir, I think he

7         was one of the people that determined who would be

8         released on bond.

9                     THE COURT:  Do you know what his

10        official title was?

11                    THE DEFENDANT:  His exact title, not

12        necessarily.  So, I know he was detainee, detention

13        agent.  I'm not exactly sure exactly which.

14                    THE COURT:  Do you know what department

15        he worked with?

16                    THE DEFENDANT:  The INS in Detroit.

17                    THE COURT:  Is that a, to your
```

18          knowledge, is that a federal agency or a state

19          agency?

20                      THE DEFENDANT:  Federal agency, your

21          Honor.

22                      THE COURT:  And why would Roy Bailey be

23          of any interest to you?

24                      THE DEFENDANT:  To obtain the release

25          of my cousin.


              THE NEW CENTURY GROUP  (313) 963-5410


                                                          17


1                       THE COURT:  And who is your cousin?

2                       THE DEFENDANT:  My cousin's name is

3           Jgon Cacaj.

4                       THE COURT:  Would you, for the record,

5           spell his last name?

6                       THE DEFENDANT:  C-a-c-a-j.

7                       THE COURT:  And he was, as far as

8           between this period of time in 2000 and 2003, was

9           he held by federal authorities?

10                      THE DEFENDANT:  2003 I believe so, sir.

11                      THE COURT:  To your knowledge, what was

12          the charge of being held?

13                      THE DEFENDANT:  For deportation.

14                      THE COURT:  And did you have any

15          contact with Roy Bailey with regards to your

16      cousin?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  And was that written or

19      oral?

20              THE DEFENDANT:  Oral.

21              THE COURT:  And what was the nature of

22      your contact with Mr. Bailey?

23              THE DEFENDANT:  My contact with

24      Mr. Bailey was whether there was a possibility for

25      the release of my cousin, to go back home to his


                THE NEW CENTURY GROUP  (313) 963-5410


                                                    18


1       wife and kids.

2               THE COURT:  According to the first

3       superseding indictment as it relates to Count II,

4       Paragraph 4 read as follows.  "In or about July and

5       August of 2003, Antonio Ivezaj demanded, sought,

6       received and accepted and agreed to accept the sum

7       of $50,000 in funds, paid by and on behalf of an

8       individual here and after identified as John C.,

9       who was then in the custody of the Office of

10      Detention and Removal Operations of Immigration and

11      Customs Enforcement, formerly known as the

12      Immigration and Naturalization Service."

```
13                 The following paragraph is Paragraph 5
14       reads as follows, in August of 2003, Roy N. Bailey,
15       released and cause to be released John C. from the
16       custody of the Office of Detention and Removal of
17       Operations of Immigration and Customs Enforcement.
18       Formally known as the Immigration and
19       Naturalization Services."
20                 Are those statements correct?
21                 THE DEFENDANT:  No, sir, your Honor,
22       those statements aren't correct, there was never
23       any payment of money.
24                 THE COURT:  There was no money given to
25       Mr. Bailey?
```

THE NEW CENTURY GROUP   (313) 963-5410

19

```
1                  THE DEFENDANT:  None whatsoever.
2                  THE COURT:  Is that?
3                  MR. JUDGE:  Sorry.
4                  THE COURT:  Did you offer to pay
5        Mr. Bailey any money?
6                  THE DEFENDANT:  No, sir.
7                  THE COURT:  Did you ever provide any
8        third person with monies that were designed to be
9        given to Mr. Bailey?
10                 THE DEFENDANT:  No, sir.
```

11                    THE COURT:  Did you have any contact

12          with Mr. Bailey other than--well, strike that.

13                    What contact did you have with

14          Mr. Bailey in his capacity as a representative of

15          the Detention and Removal of Operations or

16          Immigration and Customs employee?

17                    THE DEFENDANT:  As far as?  I'm sorry,

18          your Honor, the question?

19                    THE COURT:  Did you have any contact

20          with Mr. Bailey, which was designed to get your

21          cousin released?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  And what was that contact

24          and when and where?

25                    THE DEFENDANT:  The contact was made in


                THE NEW CENTURY GROUP  (313) 963-5410


                                                              20


1          Romulus, Michigan, I want to say in the month of

2          August, 2003.

3                    THE COURT:  And where did you have

4          contact with him?

5                    THE DEFENDANT:  At his home.

6                    THE COURT:  Did he invite you to his

7          home?

8                         THE DEFENDANT:  No, sir.

9                         THE COURT:  You just showed up at his

10      home?

11                        THE DEFENDANT:  Yes, sir.

12                        THE COURT:  How did you know where he

13      lived?

14                        THE DEFENDANT:  We had done a driveway

15      a few years prior to that across the street for a

16      neighbor of Mr. Bailey's.  Replaced, removed and

17      replaced a driveway.

18                        THE COURT:  Were you working as an

19      employee of a company that you were removing the

20      driveway?

21                        THE DEFENDANT:  Me and my brother, your

22      Honor.

23                        THE COURT:  Did you and your brother

24      own the company?

25                        THE DEFENDANT:  Yes, sir.


             THE NEW CENTURY GROUP  (313) 963-5410


                                                    21




1                         THE COURT:  And it was while you were

2       working there that you saw or met Mr. Bailey?

3                         THE DEFENDANT:  Yes, sir.  And he was

4       also supervising myself while I was on there as

5       well, your Honor.

```
 6                    THE COURT:  Stop me, because I have you

 7          and your brother working on a driveway across from

 8          Mr. Bailey's home?

 9                    THE DEFENDANT:  Correct.

10                    THE COURT:  Now, you're telling me that

11          Mr. Bailey was a supervisor, you want to help me

12          out?

13                    MR. KEMNITZ:  Briefly, your Honor.  The

14          reason Mr. Ivezaj knew who Mr. Bailey was, is

15          because he had had contact with Mr. Bailey

16          previously due to his own immigration case.

17                    He had been through the immigration

18          process before, and that's how he got to know Roy

19          Bailey, that's how he knew Roy Bailey was the guy

20          who could release somebody on bond.

21                    He then--that's how he knew who

22          Roy Bailey was, and then knew where he lived, knew

23          how to go to Roy Bailey.

24                    THE COURT:  All right.  Now, when did

25          you go to Roy Bailey's home?
```

THE NEW CENTURY GROUP  (313) 963-5410

```
 1                    THE DEFENDANT:  It was the month of

 2          August, your Honor.
```

3                    THE COURT:  Of what year?

4                    THE DEFENDANT:  2003.

5                    THE COURT:  Had Mr. Bailey invited you

6        to come to his home?

7                    THE DEFENDANT:  No, your Honor.

8                    THE COURT:  You just showed up?

9                    THE DEFENDANT:  Yes, sir.

10                    THE COURT:  And what, if anything, did

11        you say to him, and what, if anything, did he say

12        to you?

13                    THE DEFENDANT:  I basically had

14        mentioned--I said I was in the neighborhood,

15        driving in the neighborhood and I asked Mr. Bailey

16        I have a cousin who has a wife and kids and he's

17        been detained by the Deportation Department of INS.

18                    What possibilities, or what procedures

19        would have to be taken for him to be on bond while

20        his deportation process was going.

21                    THE COURT:  Did Mr. Bailey respond to

22        your question?

23                    THE DEFENDANT:  Yes, sir.

24                    THE COURT:  And what, if anything, did

25        he say?


                THE NEW CENTURY GROUP  (313) 963-5410

```
 1                    THE DEFENDANT:  He basically then gave
 2          me a tour of a new home he had purchased, he said
 3          he had purchased across the street from his home.
 4          And showed me what they were doing and how they
 5          were remodeling and asked me for opinions on
 6          certain things.
 7                    And basically showed me the kitchen.
 8          And basically asked me do I know anyone that knew
 9          how to do cabinet work, kitchen work basically.
10          And yes, I did.
11                    THE COURT:  That was his response to
12          your question?
13                    THE DEFENDANT:  No, his response to my
14          question was, there is something that could be
15          looked into it and see exactly what can be done.
16                    THE COURT:  How did you interpret
17          Mr. Bailey's comment?
18                    THE DEFENDANT:  Basically that he
19          implied that the kitchen work would help my cousin.
20          There wouldn't be a reason why he wouldn't be able
21          to be released on a supervised release.
22                    THE COURT:  Did you read into his
23          response that if you made the remodeling, did the
24          remodeling project of this kitchen, that he would
25          get your cousin released?
```

24

```
1                    THE DEFENDANT:  Yes.
2                    THE COURT:  Did you perform any work on
3         this kitchen?
4                    THE DEFENDANT:  Yes, sir.
5                    THE COURT:  Did you complete it?
6                    THE DEFENDANT:  Yes, sir.
7                    THE COURT:  And did you inform
8         Mr. Bailey that you had completed the job?
9                    THE DEFENDANT:  Yes, sir.
10                   THE COURT:  And did your cousin get
11        released?
12                   THE DEFENDANT:  Yes, sir.
13                   THE COURT:  Mr. Judge, incidentally
14        you--when I asked Mr. Judge what, in his opinion,
15        the Government would be able to prove, he told us a
16        slightly different story.
17                   Do you agree, I believe Mr. Judge
18        indicated that monies had been passed?
19                   MR. JUDGE:  No, your Honor, I actually
20        clarified that.  The Government stated that
21        construction services and materials had been
22        provided to Mr. Bailey.  And the parties agree that
23        those are worth in excess of $3,000.
24                   Now, just to be clear from Mr. Ivezaj,
25        that after the work was performed he never billed,
```

THE NEW CENTURY GROUP   (313) 963-5410

25

```
 1        Mr. Ivezaj never received payment from Mr. Bailey.
 2                  THE COURT:  Is that correct?
 3                  THE DEFENDANT:  Correct, your Honor.
 4                  THE COURT:  Did you know what you were
 5        doing was wrong?
 6                  THE DEFENDANT:  Yes.
 7                  THE COURT:  Did you know it was against
 8        the law what you were doing?
 9                  THE DEFENDANT:  Yes.
10                  THE COURT:  Are you aware that I am
11        seeking to determine the appropriate sentence to
12        impose upon you.  I have a legal obligation to
13        consider the applicable sentencing guidelines.
14                  Any possible departures under the
15        sentencing guidelines, and such other sentencing
16        factors that may be applicable under Title 18
17        United States Code Section 3552, Sub-paragraph(a).
18                  THE DEFENDANT:  Yes.
19                  THE COURT:  Mr. Judge, would you advise
20        Mr. Ivezaj of the maximum penalties I can impose
21        upon him, including jail time and fines?
22                  MR. JUDGE:  Yes, your Honor, under the
23        statute provide for maximum jail is five years
```

```
24          imprisonment, and a fine up to $250,000, or both.
25                    THE COURT:  Does that change--did you
```

THE NEW CENTURY GROUP  (313) 963-5410

26

```
 1          hear Mr. Judge's recitation?
 2                    THE DEFENDANT:  Yes, I did.
 3                    THE COURT:  Does that change your mind
 4          about offering a plea of guilt today?
 5                    THE DEFENDANT:  No, sir.
 6                    THE COURT:  Do you know if your guilty
 7          plea is accepted by me, could result in the
 8          revocation of any presently existing probation or
 9          parole?
10                    THE DEFENDANT:  Yes, sir.
11                    THE COURT:  Do you understand that the
12          law requires me to impose a term of supervised
13          release on the completion of your imprisonment, if
14          you're placed in custody for more than one year.
15          Or if the term of supervised release is required by
16          a specific statute?
17                    THE DEFENDANT:  Yes, sir.
18                    THE COURT:  Are you aware that if you
19          violated a condition of supervised release, your
20          supervised release may be revoked and followed by a
21          term of imprisonment.
```

```
22              Or you may be permitted to continue on

23      supervised release without an extension of its

24      terms or modification of its conditions?

25              THE DEFENDANT:  Yes, sir.


        THE NEW CENTURY GROUP  (313) 963-5410


                                             27



1               THE COURT:  Is your plea of guilty

2       being offered to me freely and voluntarily?

3               THE DEFENDANT:  Yes, your Honor.

4               THE COURT:  Have you been induced or

5       persuaded to offer this plea of guilt because of

6       any statement or representation by anyone, that you

7       would be treated with leniency by me only if you

8       offered a plea of guilt to this charge?

9               THE DEFENDANT:  No, sir.

10              THE COURT:  Have you been induced to

11      offer this plea of guilt because of any threat,

12      undue influence or duress or promise?

13              THE DEFENDANT:  No, sir.

14              THE COURT:  During the time of your

15      exchange with Mr. Bailey, had you consumed any

16      illegal drugs, medication, alcohol or controlled

17      substances?

18              THE DEFENDANT:  No, sir.
```

19                    THE COURT:  Do you know of anything
20          that would prevent you from fully understanding the
21          questions that I have asked you today?
22                    THE DEFENDANT:  No, sir.
23                    THE COURT:  Do you know of anything
24          that would prevent you from giving me full and
25          complete and truthful answers to my questions?


                 THE NEW CENTURY GROUP   (313) 963-5410


                                                            28



 1                    THE DEFENDANT:  No, sir.
 2                    THE COURT:  Is your plea of guilt being
 3          offered because you believe it would be in your
 4          best interest?
 5                    THE DEFENDANT:  Yes, sir.
 6                    THE COURT:  Are you asking me to accept
 7          your admission of guilt?
 8                    THE DEFENDANT:  Yes, sir.
 9                    THE COURT:  After reflecting upon your
10          answers that you have given to my questions, do you
11          now offer a plea of guilt to violating Title 18
12          United States Code, Sections 201 and 371, namely
13          conspiracy to commit bribery?
14                    THE DEFENDANT:  Yes, sir.
15                    THE COURT:  Have you thoroughly
16          understood all the questions I have asked you

17        today?

18                    THE DEFENDANT:  Yes, I have.

19                    THE COURT:  Mr. Judge, do you have any

20        questions of Mr. Ivezaj?

21                    MR. JUDGE:  No, your Honor.

22                    THE COURT:  Do you believe that the

23        elements of the offense have been established?

24                    MR. JUDGE:  Yes, your Honor.

25                    THE COURT:  Do you know of any


                THE NEW CENTURY GROUP  (313) 963-5410


                                                        29


1         procedure or irregularties with this hearing?

2                    MR. JUDGE:  No, your Honor.

3                    THE COURT:  Mr. Kemnitz, do you have

4         any questions of your client?

5                    MR. KEMNITZ:  No, I do not, your Honor.

6                    THE COURT:  Do you believe the elements

7         of the offense have been established?

8                    MR. KEMNITZ:  I do, your Honor.

9                    THE COURT:  Do you know of any

10        procedure or irregularities with this hearing?

11                    MR. KEMNITZ:  None, your Honor.

12                    THE COURT:  I have completed my

13        questioning of the Defendant in this case, and I am

14          fully satisfied that a factual basis has been

15          established for the criminal offense which brings

16          him into court today.

17                  And in my judgment, his offer of guilt

18          was voluntarily and intelligently made to me by

19          him.  More over, I have not found any evidence of

20          any mitigating factors which, in my opinion, would

21          have adversely affected his ability to fully and

22          completely understand the nature, as well as the

23          consequences of his admission of guilt.

24                  And finally Mr. Ivezaj, having been

25          personally advised of this fundamental rights under


                THE NEW CENTURY GROUP   (313) 963-5410


                                                        30


1          the United States Constitution and after consulting

2          with his counsel, have knowingly and willingly

3          waived those rights for the purpose of offering a

4          plea of guilty in this case today.

5                  Therefore, I will accept the offer of

6          guilt by the Defendant Antonio Ivezaj, to violating

7          Title 18 United States Code Section 201 and 371,

8          conspiracy to commit bribery.

9                  I will however, reserve judgment with

10          regards to the acceptance of the Rule 11, Proposed

11          Rule 11 Plea Agreement.  I will officially take it

12          under advisement.

13                    I will direct you, sir, to return to

14          this courtroom on November 21, 2008 at 2:00 in the

15          afternoon.  At that time, I will advise you as to

16          whether I will or will not accept the Rule 11 Plea

17          Agreement.

18                    If I do accept this Proposed Rule 11

19          Plea Agreement, I will then impose a sentence on

20          you immediately thereafter.

21                    However, in the event that I decline to

22          accept the Proposed Rule 11 Plea Agreement, in the

23          event I can allow you to withdraw your offer of

24          guilt and a new trial in this matter will be set

25          for November 25, 2008 at 8:30 in the morning.


          THE NEW CENTURY GROUP  (313) 963-5410


                                                          31


1                     Do you understand that, sir?

2                     THE DEFENDANT:  Yes, I do, your Honor.

3                     THE COURT:  What is the bond

4           arrangement?

5                     MR. JUDGE:  Your Honor, the Defendant

6           is currently in custody of the U.S. Marshal

7           Services Department.

8                     THE COURT:  All right.  Anything else

```
 9        from the Government?

10                    MR. JUDGE:  Nothing further from the

11        Government.

12                    MR. KEMNITZ:  Nothing, your Honor.

13                    THE COURT:  Thank you.

14                       -      -      -

15

16

17

18

19

20

21

22

23

24

25
```

                    THE NEW CENTURY GROUP  (313) 963-5410

                                                            32

```
 1

 2

 3

 4

 5

 6                    C E R T I F I C A T E
```

– – – – – – – – – – –

7

8          I, Deborah Jean Nash, do hereby

9    certify that I have recorded stenographically the

10   proceedings had and testimony taken in the above-entitled

11   matter at the time and place hereinbefore set forth, and I

12   do further certify that the foregoing transcript,

13   consisting of (33) typewritten pages, is a true and

14   correct transcript of my said stenograph notes.

15

16

17                              __/S_____
                                Deborah Jean Nash, CSR-2993
18   11-26-08                   Certified Shorthand Reporter
     _____
19   (Date)

20

21

22

23

24

25


                    THE NEW CENTURY GROUP  (313) 963-5410


                                                              33